UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACQUELINE D. AJOSE | ) |
| | ) |
|     Plaintiff, | ) |
| | )    No. 3:14-cv-1707 |
| v. | ) |
| | )    Judge Sharp |
| INTERLINE BRANDS, INC., | )    Magistrate Joe Brown |
| | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM & ORDER**

Pending before the Court is Defendant Interline Brands, Inc.'s ("Defendant" or "Interline") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion") (Docket No. 62).[1] Interline requests that this action be transferred to the Middle District of Florida. For the reasons set forth below, Defendant's Motion is denied.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

Unless stated otherwise, the following facts are taken from Plaintiffs' First Amended Class Action Complaint, Docket No. 81 ("FAC"). Plaintiffs filed this suit in August 2014. At that time and when the Parties briefed the instant Motion, there was only one class representative: Plaintiff Jacqueline D. Ajose of Pennsylvania, who filed suit on behalf of herself and all others similarly situated. (Docket No. 1). Now, Ms. Ajose is joined by Named Plaintiffs Kathy Smith of Colorado, Sharon Kurtz of Texas, Patricia Evett and Kathy Dutton of Arizona, and James L. Boyland of Florida. (Docket No. 81 at ¶¶ 14-25). Defendant is a New Jersey

---

[1] By agreement of the Parties, Defendant's Motion to Dismiss, Docket No. 63, was rendered moot by Plaintiffs' filing of the First Amended Class Action Complaint. (Docket No. 77).

corporation with its principal place of business in Jacksonville, Florida. (Id. at ¶ 26). Defendant distributes Toilet Connectors that are manufactured in China for marketing and distribution in the United States. (Id.; Docket No. 64 at 1). One of Defendant's distribution facilities is located in Nashville. (Docket No. 81 at ¶ 13).

Plaintiffs allege that Defendant designed and distributed faulty Flexible Plumbing Toilet Connectors ("Toilet Connectors"). More specifically, Plaintiffs allege that Defendant purchased and distributed "Toilet Connectors with uniformly defective plastic coupling nuts." (Docket No. 81 at ¶ 3). Plaintiffs also allege that Interline "had specific knowledge of the defects associated with the Chinese made DuraPro Toilet Connectors, but failed to publicly disclose that they were unsafe and posed a substantial risk of failure resulting in catastrophic water damage to property." (Docket No. 1 at ¶ 31).

The defective nuts "caused water to run unabated throughout [their] entire home[s]." Because of this water flow, Plaintiffs experienced varying forms of property damage that required them to tear down walls (id. at ¶ 20), remove and replace flooring (id. at ¶¶ 20, 24), and discard furniture (id.). For example, Plaintiff Boyland had to vacate the premises, remove molding, drill holes in the walls, and use fans and dehumidifiers to dry the walls and carpets throughout his home. (Id. at ¶ 22). The monetary value of the Named Plaintiffs' out-of-pocket expenses ranges from $1,152 to upward of $7,600. Id. at ¶¶ 14, 16, 18, 20, 22, 24). Plaintiffs submitted evidence of the damage through the inclusion photographs in the FAC, and it ain't that pretty at all. (Id. at ¶¶ 15, 17, 19, 21, 23, 25).

Plaintiffs filed this action in August 2014 and Interline moved to transfer soon thereafter. The gravamen of Defendant's argument is that this case should be transferred because the majority of witnesses and evidence are located in Jacksonville, Florida, where Interline is

headquartered. Plaintiffs say "please stay," arguing that Defendant has not carried its burden for a convenience transfer.

## II. LEGAL ANALYSIS

Section 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The permissive language of Section 1404(a) grants district courts "broad discretion to determine when party convenience or the interest of justice make a transfer appropriate." Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009) (citation and internal quotation marks omitted); see also Bunting ex rel. Gray v. Gray, 2 Fed. App'x. 443, 448 (6th Cir. 2001). The burden falls on the moving party, who must establish "that the factors weigh *strongly* in favor of transferring venue." Flight Solutions, Inc. v. Club Air, Inc., No. 3:09-CV-1155, 2010 WL 276094, at *2 (M.D. Tenn. Jan. 14, 2010) (emphasis added) (citation omitted). Indeed, "[a] long list of cases can be cited for the basic proposition that the balance of convenience must be 'strongly' in favor of the moving party before a transfer will be ordered under Section 1404(a)." 15 Charles Alan Wright & Arthur R. Miller et al., Fed. Prac. & Proc. Juris. § 3848 (4th ed.).

When considering a motion under Section 1404(a), a district court "should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric interest of justice." Moore v. Rohm & Haas Co., 446 F.3d 643, 647 (6th Cir. 2006) (citation and internal quotation marks omitted). More specifically, a district court weighs factors such as "(1) the convenience of the parties and witnesses; (2) the accessibility of evidence; (3) the availability of process to make reluctant witnesses testify; (4) the costs of

obtaining willing witnesses; (5) the practical problems of trying the case most expeditiously and inexpensively; and (6) the interests of justice." Am. Guar. & Liab. Ins. Co. v. Crosby Trucking Serv., Inc., No. 3:13-CV-00147, 2013 WL 3878953, at *2 (M.D. Tenn. July 26, 2013) (citing Reese, 574 F.3d at 320).

As a threshold matter, Interline has established that this matter could have been properly brought in the Middle District of Florida. (Docket No. 64 at 3 (citing Aegis Scis. Corp. v. Millennium Labs., Inc., No. 3:11-cv-00294, 2011 WL 3420642, at *2 (M.D. Tenn. Aug. 4, 2011)). Apart from that preliminary showing, however, Defendant has not demonstrated that the relevant factors weigh strongly in favor of transfer.

A.     **Private Interest Concerns**

The convenience of the parties does not support transfer. Defendant asserts that "[t]o force Interline to litigate this case in the Middle District of Tennessee, where it clearly does not belong, would be excessively inconvenient, costly, and a waste of time and resources." (Docket No. 64 at 6). Plaintiffs note that this argument is undermined by a different case against Defendant wherein Defendant expressly sought transfer *to* this district. See Westfield Ins. Co. v. Interline Brands, Inc., No. 12-cv-6775, 2013 WL 6816173, at *13 (D.N.J. Dec. 20, 2013) (denying transfer to the Middle District of Tennessee in an insurance subrogation case regarding Defendant's allegedly faulty products). The Court agrees that the Westfield case indicates that Defendant's presence in this forum is not prohibitively inconvenient for Defendant. Plaintiffs also note that Interline is a nationwide company and the Court notes that this is a nationwide class action. Accordingly, no one venue will be most convenient for all potential class members.

The convenience of the witnesses "is perhaps the most important factor in the transfer analysis." Steelcase, Inc. v. Smart Technologies, Inc., 336 F. Supp. 2d 714, 720 (W.D. Mich.

4

2004). Defendant argues that "[s]ubstantially all of the Interline representatives who may have knowledge relevant to the issues raised in the Complaint, including the import of these Toilet Connectors, are based in Interline's headquarters in Jacksonville, Florida." (Docket No. 64 at 5). To make this point, Defendant lists seven former employees and four current employees who are "likely" to have knowledge of relevant facts. (Id. at 4-5). Plaintiffs respond by noting that party or employee witnesses are not given the same consideration as third-party witnesses. (Docket No. 70 at 6 (citing Pace Indus. Union-Mgmt. Pension Fund, 2011 WL 1481306, at *2)). Plaintiffs also maintain that many critical witnesses in this case will be coming from the manufacturing facilities in China. (Docket No. 70 at 2). For those witnesses, Plaintiffs argue, the difference in convenience between going all the way to Tennessee and going all the way to Florida is marginal at best. (Id. at 5 n.5). In the same vein, Plaintiffs note that the Parties' experts will be central witnesses and they "will be able (and expecting) to travel to any venue, including the Middle District of Tennessee." (Id. at 5). Defendant's arguments regarding the location of witnesses are not without merit. However, Plaintiffs' counterarguments are equally compelling and therefore this factor does not support of transfer.

Neither does the location of proof support transfer. Defendant asserts that "the documents that are most relevant to this case are located in Interline's office in Jacksonville, Florida." (Docket No. 64 at 7). Nothing in the record indicates that "the documents are so voluminous that their shipment will impair the parties' ability to conduct a trial in this district." Pace, 2011 WL 1481306, at *2. Plus, "[i]n the modern era of photocopying, scanning, fax machines, email, overnight delivery services, etc., the location of documents should be considered a neutral factor when deciding to transfer venue under § 1404(a)." Town of Smyrna, Tenn. v. Mun. Gas Auth. of Georgia, No. 3:11-0642, 2012 WL 1313340, at *10 (M.D. Tenn.

Apr. 17, 2012) (citing Oakley v. Remy Intern., Inc., 2010 WL 5203124 at *5 (M.D. Tenn. Feb. 5, 2010)), aff'd, 723 F.3d 640 (6th Cir. 2013). Defendant has not presented any meaningful argument as to why the relevant evidence cannot be furnished to this Court.

Perhaps Defendant's most compelling argument is that Plaintiffs' forum choice should not receive deference because Plaintiffs have no ties to the Middle District of Tennessee. (Docket No. 64 at 11). Yet the absence of deference does not alone defeat the Plaintiffs' forum choice; Defendant still bears the burden on a Section 1404(a) motion and Interline has not demonstrated that the private interest concerns weigh strongly in favor of transfer.

**B.     Public Interest Concerns**

In addition to emphasizing the location of Interline's headquarters and current and former employees, Defendant also argues that Florida has a greater interest in the matter and that the Middle District of Florida has less docket congestion. Yet these arguments do not countenance transfer. Docket gridlock is a minor factor and Defendant fails to explain what interest the state of Florida has in the controversy. Instead, Defendant merely challenges Tennessee's interest in the matter by noting that this is not a local controversy. (Docket No. 64 at 9). Yet without explaining what interest Florida has and why that interest outweighs that of Tennessee, Defendant cannot meet its burden on this factor.

The other public interest factors that courts consider when faced with a Section 1404(a) motion are neutral. Defendant does not even assert that there are any concerns related to the availability of a fair trial in either venue. Neither does Defendant argue that the Middle District of Florida would be more familiar with governing laws.

In sum, while Interline may wish to run straight down to Jacksonville, their arguments are insufficient to support a transfer. Defendant's arguments, though colorable, are not convincing in light of their significant burden. Accordingly, the interests of justice do not warrant a transfer of venue to the Eastern District of Virginia under Section 1404(a).

### III. CONCLUSION

For all of the reasons stated, Defendant's Motion to Transfer Venue (Docket Entry No. 63) is hereby DENIED, and this action will remain before this Court.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE